# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| WILLIE SAMPSON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PERRY RUSSELL, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:20-cv-00615-MMD-WGC<br><br>ORDER |

In this habeas corpus action, the Court appointed counsel—the Federal Public Defender for the District of Nevada (FPD)—for Petitioner Willie Sampson, and counsel appeared for Sampson on December 3, 2020. (ECF Nos. 3, 5.) On September 29, 2021, Sampson filed an amended petition for writ of habeas corpus. (ECF No. 16.) Respondents are due to respond to the amended petition by November 29, 2021. (ECF No. 6.)

On October 13, 2021, Sampson, acting *pro se*, filed a motion to dismiss counsel. (ECF No. 19.) In that motion, he complains that his counsel have not sufficiently investigated his case and have not sufficiently presented the evidence, and he requests that his counsel be replaced. (*Id*. at 2.) On October 25, 2021, Sampson filed a document that essentially restates and adds to his motion for discharge and substitution of his appointed counsel. (ECF No. 21.)

On October 19, 2021, the Court ordered Sampson's counsel to respond, under seal, to his motion. (ECF No. 20.) On November 15, 2021, Sampson's counsel filed a response under seal as ordered. (ECF No. 22.) In that response, Sampson's counsel describes investigation that was done regarding claims Sampson wished to raise, and counsel explains why certain claims were, or were not, included in the amended petition.

(*Id*. at 2-5.) In view of that filing by Sampson's counsel, the Court determines that replacement of Sampson's counsel is not warranted in the interests of justice. *See Martel v. Clair*, 565 U.S. 648, 652 (2012) ("interests of justice" standard applies to motions for substitution of counsel in both capital and noncapital habeas cases). The Court will deny Sampson's motion to discharge and substitute his appointed counsel. The Court will *sua sponte* extend the time for Respondents to respond to Sampson's amended petition.

It is therefore ordered that Sampson's *pro se* motion to discharge and substitute counsel (ECF Nos. 19, 21) is denied.

It is further ordered that Respondents' will have until January 14, 2022, to respond to Sampson's amended petition for writ of habeas corpus. (ECF No. 16.)

It is further ordered that Respondents' Motion for Clarification and Request for New Scheduling Order (ECF No. 23) is denied as moot.

DATED THIS 22nd Day of November 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE