UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIE SAMPSON, | Case No. 3:20-cv-00615-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| PERRY RUSSELL, *et al.*, | |
| Respondents. | |

In this habeas corpus action, Respondents filed a motion to dismiss (ECF No. 30) on March 29, 2022. Petitioner Willie Sampson, who is represented by appointed counsel, filed an opposition to the motion to dismiss (ECF No. 47) and a motion for leave to file a second amended habeas petition (ECF No. 49) on June 27, 2022. On July 25, 2022, Respondents filed a reply in support of their motion to dismiss (ECF No. 52), and a notice of non-opposition to Sampson's motion for leave (ECF No. 53). The Court will grant Sampson's motion for leave to file a second amended petition and will deny Respondents' motion to dismiss his first amended petition as moot. The Court will also order Sampson's second amended petition to be filed and will set a deadline for Respondents to respond to the petition.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Sampson's motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which permits an amended pleading "with the opposing party's written consent or the court's

leave." The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). There is no indication of bad faith or undue delay on Sampson's part with respect to his seeking leave to amend. Moreover, there is no reason to believe that there will be unfair prejudice to Respondents if Sampson is granted leave to amend or that the amendment will be futile. Moreover, Respondents do not oppose Sampson's motion for leave to amend. (ECF No. 53.) The Court finds that granting Sampson leave to amend is in the interest of justice and is warranted under Rule 15(a)(2). The Court will therefore grant Sampson's motion (ECF No. 49) and will direct the Clerk of Court to file his second amended habeas petition (ECF No. 49-1).

The filing of Sampson's second amended habeas petition moots the motion to dismiss his first amended habeas petition, and the pending motion to dismiss will be denied on that ground. The Court will set a deadline for Respondents to file an answer or other response to Sampson's second amended petition.

In the briefing of the motion to dismiss Sampson's first amended petition, the parties agreed that any unexhausted claims are technically exhausted and subject to the procedural default doctrine, and that Sampson might be able to overcome the defaults under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF Nos. 47, 52.) Respondents requested in that briefing that the Court defer the *Martinez* analysis until the merits of Sampson's claims are briefed in an answer and a reply. (ECF No. 52 at 2.) Therefore, while the Court will leave it to Respondents to determine what sort of response to file, the Court observes that the briefing of the motion to dismiss the first amended petition suggests that an answer may now be most efficient. Respondents may assert their exhaustion/procedural default defense in an answer.

2

It is therefore ordered that Petitioner Willie Sampson's Motion for Leave to File a Second Amended Petition (ECF No. 49) is granted.

The Clerk of Court is directed to separately file Sampson's Second Amended Petition for Writ of Habeas Corpus (ECF No. 49-1).

It is further ordered that Respondents will have 60 days from the date of this order to file an answer or other response to Sampson's second amended habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered December 4, 2020 (ECF No. 6) will remain in effect.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 30) is denied as moot.

DATED THIS 3rd Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE