UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE SAMPSON, | Case No. 3:20-cv-00615-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

In this habeas corpus action, in which Petitioner Willie Sampson is represented by appointed counsel, the parties completed briefing on the merits of Sampson's second amended habeas petition on October 12, 2023. (ECF Nos. 55, 65, 70, 78.) However, on September 26, 2023, two weeks after Petitioner's counsel filed his reply to Respondents' answer, Sampson, acting *pro se*, filed a motion ("Motion") requesting that his second amended petition be dismissed, "so counsel can present all my grounds thats substantial in my post-conviction, and 2254 petition submitted with evidence." (ECF No. 74 (as in original).) Sampson also explains that he requests dismissal of his counseled second amended petition, not dismissal of his counsel. (ECF No. 75.)

The Court notes Sampson's delay in filing this Motion. Sampson's second amended petition (ECF No. 55) was filed well over a year ago, on August 3, 2022. His counseled first amended petition (ECF No. 16) was filed some ten months before that, on September 29, 2021. About two weeks after his counsel filed his first amended petition, Sampson filed a *pro se* motion to dismiss his counsel. (ECF No. 19.) Sampson's counsel filed a response to that motion (ECF No. 22), and the Court denied the motion on November 21, 2021 (ECF No. 24). Only now, after resolution of his similar motion in 2021,

over a year after his counseled second amended petition was filed, and after his counsel completed the briefing of the merits of the claims in the second amended petition, did Sampson file his further *pro se* motion objecting to the claims asserted on his behalf by his counsel.

Nevertheless, the Court will entertain further briefing of Sampson's Motion and will address it before turning to the merits of his second amended petition (if it is not dismissed, or superseded by a third amended petition, as Sampson requests). Sampson does not, in his Motion, identify the claims not presented in his second amended petition that in his view should be. As such, the Motion, as it is, without more, is wholly insubstantial. The Court will grant Sampson an opportunity to file a supplement to the Motion, providing brief descriptions of the claims he believes have been improperly omitted from his second amended petition. This is not a call for Sampson to provide briefing of any such claims; Sampson should simply describe the omitted claims in enough detail such that his counsel and the Court can understand what the claims are. The Court will then require Sampson's counsel to respond. The Court will require that both Sampson's supplement to his motion and counsel's response be filed under seal and without service on Respondents.

It is therefore ordered that Petitioner will have 45 days from the date of this order to file a supplement to his *pro se* motion (ECF No. 74), providing brief descriptions of the claims he believes have been improperly omitted from his counseled second amended petition. Petitioner's counsel will then have 30 days to file a response.

The Clerk of Court is further directed to file both Petitioner's supplement to his motion and his counsel's response under seal and without service on Respondents. Those documents must state, in their captions, "Filed Under Seal and Without Service on Respondents Under Court Order."

///

///

The Clerk of Court is further directed to serve a copy of this order on Petitioner, by mail, at the Northern Nevada Correctional Center.

DATED THIS 31st Day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE