UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIE SAMPSON,

Petitioner,

v.

NETHANJAH BREITENBACH, *et al.*,

Respondents.

Case No. 3:20-cv-00615-MMD-CSD

ORDER

I.    **SUMMARY**

This matter is before the Court on three *pro se* motions filed by Petitioner Willie Sampson, even though he is represented by appointed counsel in this proceeding. These motions include (1) Motion to Dismiss Counsel['s] Habeas Corpus Petition (ECF Nos. 74, 76); (2) Motion to Supplement Writ of Habeas Corpus (ECF No. 80); and (3) Motion to Correct Counsel['s] Mistake of Facts (ECF No. 82). For the reasons discussed below, the Court denies the motions without prejudice and directs the Clerk to accept no future *pro se* filings from Sampson in this case while he is represented by counsel. *See* LR IA 11-6. The Court further orders Sampson's appointed counsel to file, as soon as possible, but not more than 30 days from the entry of this Order, either (1) a notice that Sampson wishes to proceed with his second amended petition (ECF No. 55); or (2) an appropriate motion.

II.    **BACKGROUND**

Sampson was acquitted of firearm enhancements associated with the charges against him in his first state court trial in Nevada. (ECF No. 80 at 20-22.) In his second trial, Sampson was not charged with any firearm enhancements. (ECF No. 37-9.) At sentencing following the second trial, Sampson claimed the State violated his double-jeopardy rights by presenting witness testimony, including Sampson's own testimony from

the first trial, about his possession and use of a firearm during the offenses. He claimed the presentation of that evidence violated double jeopardy because he was acquitted of that conduct during the first trial. The state district court told Sampson he must raise that issue in his appeal. (ECF No. 80 at 33-35.) Sampson's trial counsel represented Sampson for his state-court appeal from the judgment after the second trial and did not raise a similar double-jeopardy claim. (ECF Nos. 13-1 at 5, 37-4 at 2.)

Sampson was not represented by counsel for his state postconviction proceedings. (ECF Nos. 39-13 at 2, 40-10 at 2.) In ground three of his *pro se* state petition, Sampson claimed his counsel was ineffective, and in his first argument supporting ground three, Sampson claimed the state court and prosecutor violated the issue preclusion component of double jeopardy by presenting evidence in the second trial of his use of a firearm during the offenses, even though he was acquitted during the first trial for that conduct. (ECF No. 39-8 at 11-12.) *See Ashe v. Swenson*, 397 U.S. 436 (1970). The state district court ruled there was no violation of double jeopardy. (ECF No. 39-13 at 12-13.) Sampson appealed "whether the issue preclusion component of the double jeopardy clause bar[red] a second trial of that issue." (ECF No. 40-5 at 6-7.) The Supreme Court of Nevada ruled the double-jeopardy argument should have been raised on direct appeal after the second trial, and there was no demonstration of good cause for failing to do so. (ECF No. 40-10 at 4 n.4.)

Sampson then filed a *pro se* federal petition claiming, among other arguments, that the State's presentation of trial evidence about his use and possession of a firearm during the offenses violated double jeopardy. (ECF No. 1-1 at 5-11.) The Court appointed counsel and counsel filed a first amended petition. (ECF Nos. 3, 16.) Sampson moved to discharge and substitute appointed counsel for failing to investigate and assert the claims raised in the *pro se* federal petition, including the double-jeopardy claim. (ECF No. 19-1.) The Court ordered appointed counsel to file a response. (ECF No. 20.) Sampson's appointed counsel filed a response, stating counsel investigated and advanced all cognizable, colorable, and non-frivolous claims raised in Sampson's *pro se* petition, and

noting in particular that counsel was unable to substantiate a double-jeopardy claim. (ECF No. 22 at 2, 5.) The Court denied the motion to dismiss counsel. (ECF No. 24.)

Sampson's appointed counsel filed a second amended petition (ECF No. 55), Respondents filed an answer to that petition (ECF No. 65), and Sampson's appointed counsel filed a reply in support of the petition (ECF No. 70). Before Respondents filed a response to the reply, Sampson filed a *pro se* motion to dismiss the counseled petition so that his appointed counsel could assert claims that Sampson raised in his federal *pro se* petition and state-court proceedings. (ECF Nos. 74, 76.) The Court ordered Sampson to file a list of the claims he believed counsel should have included in the petition. (ECF No. 79.) Sampson responded with a Motion to Supplement Writ of Habeas Corpus stating counsel omitted, among other things, his double-jeopardy claim, and attached documents in support of that claim. (ECF No. 80.) Sampson's appointed counsel filed a response under seal stating that counsel opposes dismissal of the petition and dismissal of counsel, and affirming counsel reviewed Sampson's claims, including the double-jeopardy claim, and discussed them. (ECF No. 81.) In response, Sampson filed a Motion to Correct Counsel['s] Mistake of Facts explaining that, despite his prior acquittals for firearm enhancements, his appointed counsel did not address the claim that the State violated double jeopardy by presenting evidence at the second trial of Sampson's use and possession of the firearm during the offenses. (ECF No. 82.)

## III.   DISCUSSION

Sampson filed three *pro se* motions in violation of LR IA 11-6(a). The Local Rules state, in relevant part, that "[a] party who has appeared by attorney cannot while so represented appear or act in the case . . . once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." LR IA 11-6(a). This rule further states that an "attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case." *Id*.

Because Sampson's complaints in his initial motion (ECF No. 74) were insubstantial, the Court ordered Sampson to provide further explanation and ordered his appointed counsel to respond to Sampson's explanation. (ECF No. 79.) The Court has since reviewed these filings. (ECF Nos. 76, 80, 81, 82.) It appears Sampson raises in his current motions the same complaints regarding counsel's omission of claims in the second amended petition that he previously raised in 2021. Those complaints were resolved in 2021 by the denial of Sampson's motion to dismiss counsel. (ECF No. 24.) Sampson's current motions were filed more than a year after the second amended petition, after the parties had almost fully briefed the merits of the second amended petition. Because Sampson's complaints are untimely, repetitive, and it is improper for Sampson to file documents while he is represented by counsel, the Court will deny Sampson's motions.

Moreover, because counsel has been appointed to represent Sampson, Sampson may not file any future motions and documents with the Court. *See* LR IA 11-6(a). Such filings defeat the purposes of providing counsel to assist Sampson, *i.e.*, to provide for efficient, effective, and fair presentment of the issues related to the constitutionality of Sampson's conviction and incarceration under the state court's judgment of conviction. The Court will therefore order the Clerk to reject filings in this matter by Sampson while he is represented by counsel for these proceedings.

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This case is fully briefed insofar as the second amended petition and is poised for merits review. Based on the filings of Sampson and his counsel, it is possible that Sampson and his counsel disagree about the propriety of a double-jeopardy claim because they have not clearly communicated with one another about the type of double-jeopardy claim Sampson wishes to pursue. Further discussion between them might resolve their apparent impasse. *See, e.g.*, *Dowling v. United States*, 493 U.S. 342 (1990); *Ashe*, 397 U.S. 436. The Court does not address the merits of such a claim or whether it may

1  successfully be raised at this late juncture in this Order, and it does not direct counsel to
2  raise such a claim. Because an attorney is appointed and has appeared for Sampson,
3  the Court recognizes Sampson's appointed counsel has control over Sampson's case.
4  The Court will therefore give Sampson's appointed counsel a brief window in which to
5  notify the Court of counsel's chosen course of action on behalf of Sampson. If counsel
6  fails to timely file the designated notice or a motion, the Court will rule on the merits of the
7  second amended petition.

8  **IV.    CONCLUSION**

9       It is therefore ordered that Sampson's *pro se* Motion to Dismiss Counsel['s]
10 Habeas Corpus Petition (ECF Nos. 74, 76), Motion to Supplement Writ of Habeas Corpus
11 (ECF No. 80), and Motion to Correct Counsel['s] Mistake of Facts (ECF No. 82) are denied
12 without prejudice.

13      It is further ordered that Sampson's appointed counsel must file as soon as
14 possible, and not later than 30 days after the entry of this order, either (1) a notice of
15 intent to proceed with the second amended petition or (2) an appropriate motion. Should
16 Sampson's appointed counsel file a timely motion, Respondents will have 30 days after
17 the filing of that motion to file a response. Sampson will have 15 days after the filing of
18 such a response to file a reply in support of the motion.

19      It is further ordered that the Clerk of Court will not accept any future documents
20 filed *pro se* by Sampson in this case while he is represented by counsel.

21      DATED THIS 14th Day of March 2024.

22

23

24      MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28