UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WILLIE SAMPSON, | Case No. 3:20-cv-00615-MMD-CSD |
|---|---|
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

In this habeas corpus action, Petitioner Willie Sampson, who is represented by appointed counsel, filed, in response to this Court's previous order (ECF No. 83), a Motion for Leave to File a Third Amended Petition for Writ of Habeas Corpus (ECF No. 85 ("Motion")) seeking to add a single claim that trial counsel was ineffective in failing to move to preclude evidence related to acquitted conduct (ECF No. 85-1 at 32-37). Respondents filed a notice of non-opposition to the motion. (ECF No. 86.) The Court grants the Motion, directs the Clerk of Court to file Sampson's Third Amended Petition for Writ of Habeas Corpus (ECF No. 85-1), and sets a deadline for a response to that Petition.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. *See also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Sampson's motion is governed by Federal Rule of Civil Procedure 15(a)(2), which permits an amended pleading "with the opposing party's written consent or the court's leave." The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

4

Here, there is no indication of bad faith or undue delay on Sampson's part with respect to his seeking leave to amend. There is also no reason to believe there is unfair prejudice to Respondents if Sampson is granted leave to amend or that the amendment is futile. Moreover, Respondents do not oppose Sampson's motion. (ECF No. 86.) The Court finds that granting Sampson leave to amend is in the interest of justice and is warranted under Rule 15(a)(2).

It is therefore ordered that Petitioner Willie Sampson's Motion for Leave to File a Third Amended Petition for Writ of Habeas Corpus (ECF No. 85) is granted.

The Clerk of Court is directed to separately file Sampson's Third Amended Petition for Writ of Habeas Corpus (ECF No. 85-1).

It is further ordered that Respondents have 60 days from the date of this order to file an answer or other response to the Third Amended Petition for Writ of Habeas Corpus. In all other respects, the schedule for further proceedings set forth in the order entered December 4, 2020 (ECF No. 6 at 2-3) remains in effect.

DATED THIS 17th Day of April 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE